107696-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MARTHA FLURIACHI,

    Plaintiffs,

vs.

HOLIDAY CVS, LLC, a Florida Limited Liability Company,

    Defendant.

_____/

## DEFENDANT'S, HOLIDAY CVS, LLC, NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Holiday CVS, LLC (hereinafter, "CVS") hereby removes the above-styled action from the Eleventh Judicial Circuit for Miami-Dade County, to the United District Court for the Southern District of Florida on the basis of diversity jurisdiction. In support of removal, the Defendant states as follows:

1. Plaintiff filed this civil action against the Defendant in the Eleventh Judicial Circuit for Miami-Dade County, Florida styled *Martha Fluriachi vs. Holiday CVS, LLC, a Florida Limited Liability Company,* Case No. 2022-014950-CA-01. A true and correct copy of all process and pleadings served upon CVS, including all pleadings and docket entries filed in the state court are attached hereto as **Composite Exhibit 1** in compliance with 28 U.S.C. § 1447(b).

2. This action involves the Plaintiff's alleged personal injuries sustained as a result of an alleged incident at the Navarro Discount Pharmacy store located at 5252 W. Flagler Street, Miami, Florida 33134 on May 15, 2021. *See generally* Plaintiff's Complaint, attached hereto as part of Composite Ex. 1.

CASE NO. 2022-014950-CA-01

3. On or about August 31, 2022, the Plaintiff served Holiday CVS, LLC. *See* Confirmation of Service of Process and Filed Return of Service, attached hereto as part of Composite Ex. 1.

4. Defendant, CVS, filed this Notice of Removal within thirty (30) days of being served with Plaintiff's Complaint on August 31, 2022. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

5. The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff issued a presuit demand in the amount of $228,525.00, which establishes that the amount in controversy exceeds $75,000.00. *See* Plaintiff's Demand Letter, attached hereto as **Exhibit 2**.

6. Therefore, Defendant Holiday CVS, LLC has met its burden in establishing the amount in controversy requirement. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996) (when a plaintiff's demand for damages is unspecified, the courts apply the preponderance of the evidence standard to determine the amount in controversy), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1343–44 (11th Cir. 2018) (Courts "'measure the value of the object of litigation solely from the plaintiff's perspective' rather than considering the value of the litigation from either the plaintiff's or defendant's perspective."); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy

CASE NO. 2022-014950-CA-01

requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *2 (S.D. Fla. 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

7. The Plaintiff, Martha Fluriachi, is a citizen of the state of Florida. *See* Plaintiff's Complaint, ¶ 2, attached hereto as part of Composite Ex. 1. Consequently, the Plaintiff is presumed to be a citizen of the State of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

8. Further, Defendant, Holiday CVS, LLC, is a single member LLC, its sole managing member being CVS Pharmacy, Inc., which is a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Woonsocket, Rhode Island. *See* Fla. Division of Corporations 2022 Annual Report, attached hereto as **Exhibit 3**. Therefore, Defendant, Holiday CVS, LLC is a citizen of the state of Rhode Island. *See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F. 3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'" (quoting *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F. 3d 1020, 1022 (11th Cir. 2004))); *see also Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.*, 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the State where it has its principal place of business.").

CASE NO. 2022-014950-CA-01

9. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island. Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

10. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. § 1446(d), CVS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto as **Exhibit 4**.

Dated: 9/29/2022

Respectfully submitted,

*/s/ Jacob J. Liro*_____
Jacob J. Liro, Esquire (32720)
JLiro@wickersmith.com
Michael L. McCoy, Esquire (105374)
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL 33134
Telephone:     (305) 448-3939
Facsimile:     (305) 441-1745
Attorneys for Holiday CVS, LLC

CASE NO. 2022-014950-CA-01

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on September 29, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                    */s/ Jacob J. Liro*_____
                    Jacob J. Liro, Esquire

**SERVICE LIST**

Ricardo R. Corona, Esquire
Ricardo M. Corona, Esquire
CORONA LAW FIRM, P.A.
6700 SW 38th Street
Miami, Florida 33155
Telephone:    (305) 547-1234
Facsimile:    (305) 266-1151
ricky@coronapa.com;
Sbabani@coronapa.com